IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YOLANDA RENE TRAVIS, et al.          *

        Plaintiffs          *

          vs.                    *    CIVIL ACTION NO. MJG-15-235

WALDEN UNIVERSITY, LLC, et al.  *

        Defendants          *

*        *        *        *        *        *        *        *        *

## MEMORANDUM AND ORDER RE: DISMISSAL

The Court has before it Defendant's Motion to Dismiss
Amended Complaint [ECF No. 25], the materials submitted relating
thereto, and has had the benefit of the arguments of counsel.

## I.    BACKGROUND

Plaintiffs, Yolanda Rene Travis ("Travis"), Leah Zitter
("Zitter") and Abbie Goldbas ("Goldbas") (collectively,
"Plaintiffs") are students pursuing their doctoral degrees at
Walden University ("Walden"), an online enterprise.

In the Amended Complaint [ECF No. 19] Plaintiffs present
claims, on behalf of themselves and purportedly on behalf of
others similarly situated in Fifteen Counts —— entitled as
"Causes of Action" —— as follows:

    A.    Maryland Law Claims, asserted by all Plaintiffs

    First:     Unjust Enrichment
    Second:   Breach of Contract
    Third:    Maryland Consumer Protection Act

B.    California Law Claims, asserted by Travis

Fourth:   California Unfair Competition Law
Fifth:    Unjust Enrichment [California sub-class]
Sixth:    Breach of Contract [California sub-class]
Seventh:  Breach of Implied Covenant of Good Faith and Fair
          Dealing [California sub-class]

C.    Illinois Law Claims, asserted by Zitter

Eighth:   Illinois Consumer Fraud and Deceptive Business
          Practices Act
Ninth:    Unjust Enrichment [Illinois sub-class]
Tenth:    Breach of Contract [Illinois Sub-class]

D.    New York Law Claims, asserted by Goldbas

Eleventh:      New York General Business Law, Deceptive
               Acts and Practices
Twelfth:       Unjust Enrichment [New York sub-class]
Thirteenth:    Breach of Contract [New York sub-class]
Fourteenth:    Breach of Implied Covenant of Good Faith and
               Fair Dealing [New York sub-class]

Plaintiffs claim that Walden breached a contractual

obligation to each of them or, alternatively, was unjustly

enriched by obtaining unwarranted tuition payments.  They also

claim that Walden violated Maryland's and their respective

states' consumer protection laws by making false and misleading

statements and knowingly concealing pertinent information.

II.  LEGAL STANDARDS

A.  Rule 12(b)(6)

A motion to dismiss filed pursuant to Rule 12(b)(6)[1] tests the legal sufficiency of a complaint.  A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the [...] claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted). When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or "a formulaic recitation of the elements of a cause of action will not [suffice]."  Id.  A complaint must allege sufficient facts "to cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Id. (quoting Twombly, 550 U.S. at 557).  Thus, if "the well-pleaded

---

[1]     All "Rule" references herein are to the Federal Rules of Civil Procedure.

facts [contained within a complaint] do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —— but it has not 'show[n]' —— 'that the pleader is entitled to relief.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (alteration in original)).

In short, taking Plaintiffs' factual allegations as true, the Court shall consider the adequacy of the Complaint.

B.   Rule 9(b)

Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  To plead fraud with particularity means to specifically allege in the complaint facts regarding the circumstances of the fraud, namely the time, place, source, and contents of the fraudulent misrepresentation, and also what was obtained thereby.  Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).

While Rule 9(b) also applies to claims of fraudulent concealment or omission, such claims "are not subject to the same heightened pleading standard of Rule 9(b) because such allegations cannot be described in terms of the time, place, and contents of the omission."  Swedish Civ. Aviation Admin. v. Project Mgmt. Enters., Inc., 190 F. Supp. 2d 785, 799 (D. Md. 2002).  In such cases, "meeting Rule 9(b)'s particularity

requirement will likely take a different form." Green v. Wells

Fargo Bank, N.A., 927 F. Supp. 2d 244, 249 (D. Md. 2013).

Specifically, to adequately plead fraudulent concealment, a

plaintiff must "identify with some precision [...] the

circumstances of active concealments, specifying which Defendant

[...] is supposedly responsible for those [...] omissions.

Johnson v. Wheeler, 492 F. Supp. 2d 492, 509 (D. Md. 2007).

When considering the sufficiency of a claim of fraud, "[a]

court should hesitate to dismiss a complaint under Rule 9(b) if

the court is satisfied (1) that the defendant has been made

aware of the particular circumstances for which she will have to

prepare a defense at trial, and (2) that plaintiff has

substantial pre-discovery evidence of those facts."  Id.

III.  DISCUSSION

A.  State Law Statutory Claims

Plaintiffs make identical, generalized, allegations in

regard to their state law statutory claims.  As to each they

allege:

> Walden University made false and misleading
> statements about the nature, quality,
> length, and cost of its master's and
> doctoral education services. Specifically,
> Walden University misrepresented that, in
> connection with providing master's and/or
> doctoral educational services: 1) the
> process for obtaining a dissertation or
> thesis supervisory chair and member would be
> reasonable and not burdensome; 2) there

would be reasonable stability in faculty member retention such that the process for obtaining a dissertation or thesis supervisory chair and member would not be repeated, much less repeated multiple times; and 3) timely feedback (within 14 days) would be provided to students with respect to their dissertation or thesis work.

¶¶ 175, 186, 228, 257.

Walden University also knowingly concealed, omitted and otherwise failed to state material facts about its master's and doctoral education services that would tend to, and did in fact, deceive students. Specifically, Walden University failed to disclose that it intentionally and deliberately used its dissertation and thesis process as a means of improperly extracting tuition and generating revenue. Walden University further failed to disclose that it knowingly directed and implemented a dissertation and thesis process that is fraught with inefficiencies, meant to ensure that students do not receive the timely responses and attention that they were promised, and creates inordinate turnover of faculty and supervisory committee chairs and members.

¶¶ 176, 187, 229, 258.

All claims regarding fraud (including claims based on intentional misrepresentations, as here) are subject to Rule 9(b)'s heightened pleading standard. Green, 927 F. Supp. 2d at 249. Each claim asserted by Plaintiffs under the state consumer protection laws is based upon allegations of misrepresentation by Walden. However, the allegations of misrepresentation in the Amended Complaint are based only on generalized statements.

6

Plaintiffs' allegations do not meet Rule 9(b)'s requirement that the time, place, source, contents of, and benefits from the fraudulent misrepresentation be stated with particularity.  See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).

Moreover, the Amended Complaint is inadequate to support Plaintiffs' fraudulent concealment claims.  To adequately plead fraudulent concealment, a plaintiff must "identify with some precision [...] the circumstances of active concealments, specifying which Defendant [...] is supposedly responsible for those [...] omissions."  Johnson v. Wheeler, 492 F. Supp. 2d 492, 509 (D. Md. 2007).  Plaintiffs merely allege generally that Walden concealed in some fashion, in some context, an alleged scheme and alleged inadequacies in its management of the educational process.

The inadequacy of the Amended Complaint requires the dismissal of all state law statutory claims, i.e. the Third, Fourth, Eighth, and Eleventh Causes of Action.

B.  Common Law Claims

Plaintiffs, none of whom has alleged any connection to Maryland, present breach of contract and unjust enrichment claims on behalf of a putative nationwide class based upon Maryland common law.  Each Plaintiff also presents such claims

on behalf of themselves, as well as a putative subclass of similar persons from their respective states.

Plaintiffs, responding to the instant motion, do not adequately address the viability of their respective claims. In regard to the claims based on Maryland common law, Plaintiffs do not adequately present reasons why any of them would have a claim based upon Maryland common law. None of them alleges any connection with Maryland. Plaintiffs generally allege, in the Amended Complaint, that Walden is authorized to do business in Maryland, conducts significant business in Maryland, and maintains its principal place of business in Maryland, and that many of the acts complained of herein emanated from and/or took place within Maryland. They do not explain though, in their response to the motion, how it is that their claims would arise under Maryland common law rather than the law of another state, such as the state of their residence.

Plaintiffs, in response to the instant motion, present reasons why their common law claims may be viable under Maryland law. However, they do not set forth the reasons why they would have viable common law claims in California, Illinois or New York. It may well be that there would be no material difference between the common law of some, or all, of those states and Maryland law so that Plaintiffs' reference to Maryland

precedents would be adequate.  However, Plaintiffs do not
provide support for this proposition.

The bottom line is that Plaintiffs may have adequately
briefed their contentions regarding Maryland common law but have
not adequately briefed the question of whether Maryland common
law would be applicable to their claims.  Plaintiffs have not at
all adequately briefed their California, Illinois and New York
common law claims.  However, the Court will provide Plaintiffs a
chance to brief adequately their common law claims

IV.   CONCLUSION

For the foregoing reasons:

1.   Defendant's Motion to Dismiss Amended Complaint [ECF
     No. 25] is GRANTED IN PART.

2.   All claims related to state consumer protection laws,
     i.e. the Third, Fourth, Eighth, and Eleventh Causes of
     Action, are dismissed.

3.   If, by November 30, 2015, the parties stipulate that
     all claims presented in the First, Second, Fifth,
     Sixth, Seventh, Ninth, Tenth, Twelfth, and Thirteeth
     Causes of Action shall be resolved pursuant to
     Maryland law, the Court shall proceed to resolve the
     instant motion as to those claims on the current
     record.

4.   Otherwise:

     a.   By December 15, 2015, Plaintiffs shall file an
          Amended response to the instant motion setting
          forth their contentions regarding:

          i.   How the Amended Complaint alleges facts
               establishing that Maryland common law is

applicable to their contract and unjust enrichment claims.

      ii.    How the allegations in the Amended Complaint are adequate to present their respective breach of contract and unjust enrichment claims based upon the law of California, Illinois and New York.

    b.    By January 15, 2016, Defendant shall file any reply.


SO ORDERED, on <u>Friday, October 30, 2015</u>.


_____/s/_____<br>
Marvin J. Garbis<br>
United States District Judge